JUDGE HELLERSTEIN



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



Joseph Bavaro and Lorraine Bavaro,                    :

                     Plaintiffs,          :          Civil Action No.:

    v.                                                               :

National Credit Audit Corporation; and              :
DOES 1-10, inclusive,                                       :          **COMPLAINT**

                  Defendants.          :

For this Complaint, the Plaintiffs, Joseph Bavaro and Lorraine Bavaro, by undersigned counsel, state as follows:

## JURISDICTION

1.      This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiffs' personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiffs, Joseph Bavaro (hereafter "Joseph") and Lorraine Bavaro (hereafter "Lorraine," and together with Joseph the "Bavaros" and/or "Plaintiffs"), are adult individuals residing in Harriman, New York, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.     The Defendant, National Credit Audit Corporation ("NCAC"), is a Georgia business entity with an address of 1000 Alderman Drive # 71-N, Alpharetta, Georgia 30005, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by NCAC and whose identities are currently unknown to the Plaintiffs.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     NCAC at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.     Joseph allegedly incurred a financial obligation in the approximate amount of $409.68 (the "Debt") to an original creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to NCAC for collection, or NCAC was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. NCAC Engages in Harassment and Abusive Tactics

12.     In September 2012, Defendants began placing numerous calls to Plaintiffs in an attempt to collect the Debt.

13.     Defendants failed to inform Plaintiffs that the communication was an attempt to collect a debt.

2

14.     During initial communication with Defendants and during each communication thereafter, Plaintiffs informed Defendants that they did not owe the Debt and requested that Defendants cease calls.

15.     Despite the foregoing request, Defendants continued to harass Plaintiffs with numerous calls in an attempt to collect the Debt, placing one of such calls after 9:00pm.

16.     On November 16, 2012, Plaintiffs mailed Defendants a statement signed by the Creditor and reflecting that Plaintiffs had left the apartment in good condition and, therefore, did not owe the Debt. The statement was received by Defendants on November 19, 2012.

17.     Nonetheless, Defendants continued to place calls to Plaintiffs in an attempt to collect the Debt.

18.     Moreover, Defendants threatened to "kill" Joseph's credit score if he failed to pay the Debt.

19.     Defendants failed to inform Joseph of his rights under the state and federal laws by written correspondence within 5 days after the initial communication, including the right to dispute the Debt.

## C. Plaintiffs Suffered Actual Damages

20.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

21.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

22.     The Plaintiffs incorporate by reference all of the above paragraphs of this

3

Complaint as though fully stated herein.

23.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiffs after 9:00 p.m.

24.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

29.     The Defendants' conduct violated 15 U.S.C. § 1692e(11) in that Defendants failed to inform the consumer that the communication was an attempt to collect a debt.

30.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

31.     The Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law.

32.    The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33.    The Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF NEW YORK GBL § 349
### ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

34.    The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

35.    The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

36.    The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

37.    The Plaintiffs has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

38.    By virtue of the foregoing, the Plaintiffs are entitled to recover actual damages, trebled, together with reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiffs respectfully pray that judgment be awarded in the Plaintiffs' favor and against the Defendants as follows:

1.  Against the named the Defendants, jointly and severally, awarding the Plaintiffs actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2.  Against each of the named the Defendants, awarding the Plaintiffs statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3.  Against the named the Defendants, jointly and severally, awarding the Plaintiffs actual damages, trebled, pursuant to NY GBL § 349;

4.  Against the named the Defendants, jointly and severally, awarding the Plaintiffs recovery of the costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5.  Against the named the Defendants, jointly and severally, awarding the Plaintiffs punitive damages in such amount as is found appropriate; and

6.  Granting the Plaintiffs such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: December 28, 2012

Respectfully submitted,

By

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiffs